STATE of Wisconsin, Plaintiff-Respondent,

v.

LaMar SIBLEY, Defendant-Appellant.

Court of Appeals

*No. 88-1949. Submitted on briefs April 3, 1989.—Decided May 25, 1989.*

(Also reported in 444 N.W.2d 391.)

For the defendant-appellant the cause was submitted on the briefs of *Mark Spring,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *James M. Freimuth,* assistant attorney general.

Before Dykman, Eich and Sundby, JJ.

DYKMAN, J.   LaMar Sibley appeals from a judgment convicting him of injuring another by conduct regardless of life, party to a crime, contrary to secs. 940.23 and 939.05, Stats. The issue is whether the trial court abused its discretion by denying Sibley's motion to seat him in the courtroom gallery during the trial testimony of the state's identification witnesses. Because Sibley shows no abuse of discretion, we affirm.

LaMar Sibley, a young black man, was charged with injuring another by conduct regardless of life, party to a crime. Before trial, the court denied Sibley's motion to be allowed to sit in the courtroom gallery among other young black men during the testimony of the state's identification witnesses.

We review a trial court's decision on a defendant's motion for an in-court line-up at trial, or on a motion to be allowed to sit somewhere other than at the counsel table, for an abuse of discretion. *United States v. Domina,* 784 F.2d 1361, 1369 (9th Cir. 1986), *cert. denied,* 479 U.S. 1038 (1987).

229

> [T]he procedure for in-court eyewitness identifica-
> tion is left to the trial judge's discretion. Absent
> abuse of that discretion resulting in procedure "so
> unnecessarily suggestive and conducive to irreparable
> mistaken identification" as to amount to a denial of
> due process of law, *Stovall v. Denno,* 1967, 388 U.S.
> 293, 302, 87 S. Ct. 1967, 1972, 18 L. Ed. 2d 1199, we
> should not question the trial judge's ruling.

*United States v. Williams,* 436 F.2d 1166, 1168–69 (9th Cir. 1970), *cert. denied,* 402 U.S. 912 (1971). In making a discretionary determination, the trial court must apply a correct view of the law to the relevant facts to reach a decision that a reasonable judge could reach. *In re Paternity of B.W.S.,* 131 Wis. 2d 301, 315, 388 N.W.2d 615, 622 (1986).

The issue is whether the trial court abused its discretion by not allowing Sibley an in-court line-up at trial. Sibley's brief discusses *Moore v. Illinois,* 434 U.S. 220 (1977); *Manson v. Brathwaite,* 432 U.S. 98 (1977); *Neil v. Biggers,* 409 U.S. 188 (1972); *Stovall v. Denno,* 388 U.S. 293 (1967), and other cases that discuss the factors a trial court should consider in deciding whether to exclude identification testimony. Sibley then argues that a trial court must weigh those factors in exercising its discretion in deciding whether to allow an in-court line-up at trial. We disagree.

Had Sibley moved for suppression of identification testimony because it was based on impermissibly suggestive circumstances, the factors from the cases he cites would be relevant to a trial court decision on that issue. However, Sibley did not ask the court to suppress any identification testimony, and he makes no such argument on appeal. He requested an in-court line-up at trial. The cases he relies on are inapposite to the issue of what factors a trial court should consider in ruling on his

motion for an in-court line-up at trial.[1] Therefore, we decide this case under the abuse of discretion standard stated in *B.W.S.*, 131 Wis. 2d at 315, 388 N.W.2d at 622.

In ruling on Sibley's motion, the trial court reasoned that an in-court line-up was undesirable because it would be unpredictable and difficult to control, because a photograph of the line-up could not be taken as needed for review, and because the defendant had failed to show why an in-court line-up was of "great necessity" or why cross-examination would not suffice to test the state's identification testimony. Although Sibley contests the trial court's findings on this issue, they are not clearly erroneous and we uphold them. Sec. 805.17(2), Stats. The trial court applied a correct view of the law to the relevant facts. The court reached a decision that a rea-

---

[1] Sibley also relies on *United States v. Archibald,* 734 F.2d 938, 941 (2nd Cir. 1984). *Archibald* held that where a defendant is the only black in the courtroom at trial, it is error not to grant a defense request to allow the defendant to sit in the gallery with other blacks during in-court identification testimony. *Id.* at 942–43. We note that the trial court in *Archibald* denied the defense request for an in-court line-up at trial out of hand, concluding that the "request is just absolutely inappropriate," and that a trial was not any place for a line-up. *Id.* at 941. Here, the court gave a variety of reasons for denying Sibley's request. To the extent that *Archibald* holds that, as a matter of law, a trial court must grant a defense request for an in-court line-up at trial if a defendant is the only black in the courtroom, we decline to follow it. *See United States ex rel. Clark v. Fike,* 538 F.2d 750, 755–56 (7th Cir. 1976), *cert. denied,* 429 U.S. 1064 (1977) ("defendant in a criminal trial as yet has no right to an in-court lineup").

sonable judge could reach. Because Sibley shows no abuse of discretion, we affirm.

*By the Court.*—Judgment affirmed.